UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                          :

UNITED STATES OF AMERICA             :    **SUPERSEDING INDICTMENT**

                                          :

               -v.-                 :

                                          :    S1 18 Cr. 834 (PAE)

JAMEL JONES,                       :

    a/k/a "Mel Murda,"           :

KIFANO JORDAN,                 :

    a/k/a "Shotti,"              :

JENSEL BUTLER,                 :

    a/k/a "Ish,"                 :

DANIEL HERNANDEZ,              :

    a/k/a "Tekashi 6ix 9ine,"   :

FUGUAN LOVICK,                 :

    a/k/a "Fu Banga," and       :

FAHEEM WALTER,                 :

    a/k/a "Crippy,"              :

                                          :

         Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 1 9 2018

## COUNT ONE
### (Racketeering Conspiracy)
### (JONES, JORDAN, BUTLER, HERNANDEZ, and WALTER)

The Grand Jury charges:

### The Enterprise

1.    At all times relevant to this Indictment, JAMEL JONES, a/k/a "Mel Murda," KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, and others known and unknown, were members and associates of the Nine Trey Gangsta Bloods ("Nine Trey" or the "Enterprise"), a criminal organization whose members and associates engaged in, among

other activities, acts involving murder, robbery, and narcotics trafficking. Nine Trey operated in and around Manhattan, the Bronx, and Brooklyn, New York.

2. Nine Trey, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. JAMEL JONES, a/k/a "Mel Murda," KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3. Members and associates of Nine Trey engaged in a series of violent disputes with rivals of Nine Trey, including those within Nine Trey who they deemed disloyal to the Enterprise. During these disputes, members and associates of Nine Trey committed multiple shootings, robberies, and assaults against their rivals and against fellow Nine Trey members.

2

4.     Members and associates of Nine Trey sold heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in and around Manhattan, Brooklyn, and the Bronx, New York.

5.     Members and associates of Nine Trey committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their narcotics business and to protect fellow members and associates of the Enterprise.  These acts of violence included acts involving murder, acts involving robbery and extortion, and assault, intended either to protect the Enterprise's narcotics business, retaliate against members of rival gangs who had encroached on the Enterprise's narcotics business, to otherwise promote the standing and reputation of Nine Trey amongst rival gangs, or to promote the standing and reputation of Nine Trey members amongst other Nine Trey members.

### Purposes of the Enterprise

6.     The purposes of the Enterprise included the following:

a.     Preserving and protecting the power, territory, and profits of the Enterprise through acts involving murder, other acts of violence, and threats of violence.

b.     Promoting and enhancing the Enterprise and the activities of its members and associates.

c.     Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.    Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution and sale of narcotics, including heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana.

f.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

## Means and Methods of the Enterprise

7.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, to protect and expand the Enterprise's criminal operations, and against rival gang members.

b.    Members and associates of the Enterprise used threats of violence and physical violence against other members and associates of the Enterprise to enforce and maintain discipline within the Enterprise.

4

c.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, robbery, and extortion against rival gang members and other individuals adverse to the Enterprise.

d.    Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and the use of firearms, in music and on social media.

e.    Members and associates of the Enterprise obtained, possessed, and used firearms.

f.    Members and associates of the Enterprise distributed controlled substances, including heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana.

## The Racketeering Conspiracy

8.    From at least in or about 2013, up to and including in or about November 2018, in the Southern District of New York and elsewhere, JAMEL JONES, a/k/a "Mel Murda," KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Seven of this Indictment, namely, Nine Trey, which enterprise engaged in, and the activities of which affected,

interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Nine Trey through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

    a.    multiple acts involving murder, chargeable under the following provisions of state law:  New York Penal Law, Sections 125.25 (murder), 110.00 (attempted murder), 105.15 (conspiracy to commit murder), and 20.00 (aiding and abetting murder);

    b.    multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05, 105.10 (conspiracy to commit robbery), 110.00 (attempted robbery), and 20.00 (aiding and abetting robbery);

    c.    multiple acts indictable under Title 18, United States Code, Section 1951 (relating to the interference with commerce, robbery, or extortion); and

    d.    multiple offenses involving the distribution of controlled substances, including, heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in violation of laws

of the United States, namely Title 21, United States Code,

Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C),

841(b)(1)(D), and 846, and Title 18, United States Code, Section

2.

9.    It was a part of the conspiracy that each defendant

agreed that a conspirator would commit at least two acts of

racketeering activity in the conduct of the affairs of the

Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Firearms Offense – Racketeering Conspiracy)
### (JONES, JORDAN, BUTLER, HERNANDEZ, and WALTER)

The Grand Jury further charges:

10.   From at least in or about 2013, up to and including in

or about November 2018, in the Southern District of New York and

elsewhere — except in connection with the robbery on or about

April 3, 2018, in the vicinity of West 40th Street and 8th

Avenue in Manhattan, New York, as charged in Counts Three

through Five of this Indictment — JAMEL JONES, a/k/a "Mel

Murda," KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a

"Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM

WALTER, a/k/a "Crippy," the defendants, during and in relation

to a crime of violence for which they may be prosecuted in a

court of the United States, namely, the racketeering conspiracy

charged in Count One of this Indictment, knowingly did use and

carry firearms, and, in furtherance of such crime, did possess

firearms, and did aid and abet the use, carrying, and possession

of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii),
(iii), and 2.)

## COUNT THREE
### (Violent Crime in Aid of Racketeering – April 3, 2018)
### (JORDAN, BUTLER, HERNANDEZ, and WALTER)

The Grand Jury further charges:

11.   At all times relevant to this Indictment, Nine Trey,

as described in paragraphs 1 through 7 of Count One of this

Indictment, which are repeated and incorporated by reference as

though fully set forth herein, including its leadership,

members, and associates, constituted an enterprise, as that term

is defined in Title 18, United States Code, Section 1959(b)(2),

that is, an association in fact of individuals engaged in, and

the activities of which affected, interstate and foreign

commerce.   The Enterprise constituted an ongoing organization

whose members functioned as a continuing unit for a common

purpose of achieving the objectives of the Enterprise.

12.   At all times relevant to this Indictment, Nine Trey,

through its members and associates, engaged in racketeering

activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1959(b)(1), namely acts involving

murder and robbery, in violation of New York Penal Law, robbery

8

and extortion, in violation of Title 18, United States Code, Section 1951, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

13.  On or about April 3, 2018, in the Southern District of New York and elsewhere, KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Nine Trey, and for the purpose of gaining entrance to and maintaining and increasing position in Nine Trey, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and aided and abetted the same, to wit, JORDAN, BUTLER, HERNANDEZ, WALTER and others participated in a gunpoint robbery of rivals of Nine Trey, in the vicinity of West 40th Street and 8th Avenue in Manhattan, New York, in violation of New York Penal Law, Sections 120.14 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT FOUR
### (Violent Crime in Aid of Racketeering – April 3, 2018)
### (JORDAN, BUTLER, HERNANDEZ, and WALTER)

The Grand Jury further charges:

14.  At all times relevant to this Indictment, Nine Trey, as described in paragraphs 1 through 7 of Count One of this

Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

15.  At all times relevant to this Indictment, Nine Trey, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, robbery and extortion, in violation of Title 18, United States Code, Section 1951, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

16.  On or about April 3, 2018, in the Southern District of New York and elsewhere, KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Nine Trey, and for the purpose of gaining

10

entrance to and maintaining and increasing position in Nine

Trey, an enterprise engaged in racketeering activity, as

described above, conspired to commit assault with a dangerous

weapon, to wit, JORDAN, BUTLER, HERNANDEZ, WALTER and others

agreed to rob at gunpoint rivals of Nine Trey, in the vicinity

of West 40th Street and 8th Avenue in Manhattan, New York, in

violation of New York Penal Law, Sections 120.14 and 105.00.

(Title 18, United States Code, Sections 1959(a)(6).)

## COUNT FIVE
### (Firearms Offense - April 3, 2018)
### (JORDAN, BUTLER, HERNANDEZ, and WALTER)

The Grand Jury further charges:

17.   On or about April 3, 2018, in the Southern District of

New York, KIFANO JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a

"Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM

WALTER, a/k/a "Crippy," the defendants, during and in relation

to a crime of violence for which they may be prosecuted in a

court of the United States, namely, the assault with a dangerous

weapon and conspiracy to do the same, as charged in Counts Three

and Four of this Indictment, knowingly did use and carry

firearms, and in furtherance of such crime did possess firearms,

and did aid and abet the use, carrying and possession of

firearms, some of which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii),
and 2.)

11

## COUNT SIX
### (Violent Crime in Aid of Racketeering – April 21, 2018)
### (LOVICK)

The Grand Jury further charges:

18.  At all times relevant to this Indictment, Nine Trey, as described in paragraphs 1 through 7 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

19.  At all times relevant to this Indictment, FUGUAN LOVICK, a/k/a "Fu Banga," the defendant, and others known and unknown, were members and associates of Nine Trey.

20.  At all times relevant to this Indictment, Nine Trey, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, robbery and extortion, in violation of Title 18, United States Code,

12

Section 1951, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

21.    On or about April 21, 2018, in the Southern District of New York and elsewhere, FUGUAN LOVICK, a/k/a "Fu Banga," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Nine Trey, and for the purpose of gaining entrance to and maintaining and increasing position in Nine Trey, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and aided and abetted the same, to wit, LOVICK fired a gunshot at rivals of Nine Trey upon encountering them at the Barclays Center in Brooklyn, New York, in violation of New York Penal Law, Sections 120.14 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT SEVEN
### (Firearms Offense - April 21, 2018)
### (LOVICK)

The Grand Jury further charges:

22.    On or about April 21, 2018, in the Southern District of New York and elsewhere, FUGUAN LOVICK, a/k/a "Fu Banga," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon, as charged in Count Six of this Indictment, knowingly did use and carry a firearm,

and in furtherance of such crime did possess a firearm, and did

aid and abet the use, carrying and possession of a firearm,

which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii),
(iii), and 2.)

**COUNT EIGHT**
**(Violent Crime in Aid of Racketeering – July 16, 2018)**
**(JORDAN, BUTLER, HERNANDEZ, and WALTER)**

The Grand Jury further charges:

23.  At all times relevant to this Indictment, Nine Trey,

as described in paragraphs 1 through 7 of Count One of this

Indictment, which are repeated and incorporated by reference as

though fully set forth herein, including its leadership,

members, and associates, constituted an enterprise, as that term

is defined in Title 18, United States Code, Section 1959(b)(2),

that is, an association in fact of individuals engaged in, and

the activities of which affected, interstate and foreign

commerce.  The Enterprise constituted an ongoing organization

whose members functioned as a continuing unit for a common

purpose of achieving the objectives of the Enterprise.

24.  At all times relevant to this Indictment, Nine Trey,

through its members and associates, engaged in racketeering

activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1959(b)(1), namely acts involving

murder and robbery, in violation of New York Penal Law, robbery

14

and extortion, in violation of Title 18, United States Code,
Section 1951, and narcotics trafficking, in violation of Title
21, United States Code, Sections 812, 841, and 846.

25.  On or about July 16, 2018, in the Southern District of
New York and elsewhere, KIFANO JORDAN, a/k/a "Shotti," JENSEL
BUTLER, a/k/a "Ish," DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine,"
and FAHEEM WALTER, a/k/a "Crippy," the defendants, and others
known and unknown, as consideration for the receipt of, and as
consideration for a promise and agreement to pay, a thing of
pecuniary value from Nine Trey, and for the purpose of gaining
entrance to and maintaining and increasing position in Nine
Trey, an enterprise engaged in racketeering activity, as
described above, conspired to commit murder and  assault with a
dangerous weapon, to wit, JORDAN, BUTLER, HERNANDEZ, WALTER and
others agreed to shoot an individual, who had shown disrespect
to members of Nine Trey, and as a result of this agreement an
innocent bystander was shot, in the vicinity of Fulton Street
and Utica Avenue in Brooklyn, New York, in violation of New York
Penal Law, Sections 120.05, 120.10, and 125.25.

(Title 18, United States Code, Sections 1956(a)(6).)

### FORFEITURE ALLEGATION AS TO COUNT ONE

26.  As a result of committing the offense alleged in Count
One of this Indictment, JAMEL JONES, a/k/a "Mel Murda," KIFANO
JORDAN, a/k/a "Shotti," JENSEL BUTLER, a/k/a "Ish," DANIEL

HERNANDEZ, a/k/a "Tekashi 6ix 9ine," and FAHEEM WALTER, a/k/a "Crippy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

## Substitute Assets Provision

27.   If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendants:

  a.   cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21 United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963; and Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
GEOFFREY S. BERMAN  LBS
United States Attorney

17

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMEL JONES, a/k/a "Mel Murda," KIFANO
JORDAN, a/k/a "Shotti," JENSEL BUTLER,
a/k/a "Ish," DANIEL HERNANDEZ, a/k/a
"Tekashi 6ix 9ine," FUGUAN LOVICK, a/k/a
"Fu Banga," and FAHEEM WALTER, a/k/a
"Crippy,"

Defendants.

SUPERSEDING INDICTMENT

S1 18 Cr. 834  (PAE)

(18 U.S.C. §§ 924(c), 1959,
1962, and 2.)

Foreperson                    GEOFFREY S. BERMAN
                              United States Attorney.

11/19/18 - Filed. Superseding Indictment
A/W filed